REGAN, Judge.
In her capacity as executrix and attorney for the succession of Louis Maurice Baudier, Sr., the husband of Marie Thompson Baudier, Adelaide Baudier Madigan, their daughter, filed a petition on August 31, 1964, to open his succession, probate his last will and testament and to make an inventory of his estate. Pursuant thereto, an inventory was made and probate of the will occurred on September 1, 1964.
This succession proceeding was consolidated with the Succession of Marie Thompson Baudier, which was probated on July 27, 1960, and in which Adelaide Baudier Madigan was also executrix and attorney representing that succession.
On September 23, 1964, the forced heirs of each succession, Louis Maurice Baudier, Jr., Robert Baudier, Marie Louise Baudier Aspelund, and Audrey Marie Baudier Brown, filed an opposition to the probate of the will of their mother, Mrs. Baudier, asserting therein that the date of the execution of the will was on its face uncertain since it, that is, the date, was partially obliterated and that the will was not entirely written, dated and signed by the testatrix. Therefore, they insist that since Adelaide Baudier Madigan was appointed executrix by virtue of an invalid testament, she should be removed from this position of trust.
On the same date, they also filed a petition endeavoring to have the sale of the family home, located in 3711 Camp Street, which had been sold by Louis Maurice Baudier, Sr., and his wife, Marie Thompson Baudier, to Adelaide Baudier Madigan and her husband, James Aloysius Madigan, declared a nullity on the ground that it was a simulated sale or a donation in disguise consummated for the purpose of defrauding the forced heirs of their legitime.
On October 1, 1964, the executrix, Adelaide Baudier Madigan, filed a petition for the proposed disbursements of funds, in which she claimed attorney’s fees for herself amounting to $1,398.50 and an executrix fee of $349.60, payment of a promissory note for $7,000.00 payable to herself and her husband which was signed by Marie Thompson Baudier and Louis Maurice Baudier, Sr., as co-makers, plus interest thereon at the rate of 8% per annum from August 12, 1964, to November 10, 1964, which amounted to $2,426.90,[1] and she also asserted a claim for services rendered to Mrs. Baudier during her last illness and the time between the sale of the Camp Street property and the twelve months preceding her death by Adelaide Baudier- Madigan and James A. Madigan, which amounted to $2,798.17, and for reimbursement to the Madigans of $2,676.87, representing the amount of money paid by them to Bernice Phillips, Ida Mae Hill, and Odette Schmitt, each of whom was employed to assist Mrs. Madigan in the nursing care of her mother. By an amended petition for the proposed disbursement of funds, Mrs. Madigan listed her notarial fee at $139.85. Opposition was filed by the forced heirs to prevent the payment of these claims to the Madigans predicated on the hypothesis that the debts were not due and owing. They also sought the removal of Adelaide Baudier Madigan as executrix of each succession alleging a conflict of interest since she had made claims against the estates which were payable to herself.
Mrs. Madigan filed an opposition to the petition to have the sale of the family home declared a nullity and in addition thereto filed a reconventional demand wherein she contended that she and her husband should be declared the lawful owners of the prop *725 erty since the forced heirs failed to prove that the sale was in fact simulated or a donation in disguise. She also filed exceptions to the opposition to probate wherein she asserted that the forced heirs had failed to prove that any defects existed in the will.
As a creditor of the succession, James A. Madigan filed a petition on October 16, 1964, requiring the heirs to accept or reject the succession. In their answer thereto, the forced heirs, Louis Maurice Baudier, Jr., Robert Joseph Baud'ier, Marie Louise Bau-dier Aspelund, and Audrey Marie Baudier Brown, accepted the successions of their mother and father with benefit of inventory and requested additional time within which to deliberate over the question of whether to accept or renounce their parents’ successions.
Following the trial hereof, the lower court rendered judgment in favor of Adelaide Baudier Madigan for services rendered to her mother in the amount of $200.00, and also awarded her attorney’s fees in the sum of $1,398.50, and executrix fees of $349.60, both to be paid out of the proceeds of the successions, but maintained in all other respects the opposition filed to the petition of the executrix for authority to disburse the funds thereof. The petition which requested that the sale of the real estate in 3711 Camp Street be declared a simulation was dismissed; however, the judgment did not specifically state that Mr. and Mrs. Madigan possessed a valid title to the property.[2]
From this judgment, all of the litigants have prosecuted this appeal.
For the reasons assigned in the case entitled “Succession of Marie Sydalise Adelaide Thompson Baudier”, judgment of the court is affirmed insofar as it declares the sale of the 3711 Camp Street property by Mr. and Mrs. Louis Maurice Baudier to Mr. and Mrs. James A. Madigan to be a valid sale for good and valuable consideration with title vesting in Mr. and Mrs. James A. Madigan, and dismissing the petition that the property be included in the inventory of the successions.
The judgment is affirmed in its award of attorney’s fees of $1,398.50 and executrix fees of $349.60 to Adelaide Baudier Madigan, and is amended to award her $139.85 as a notarial fee.
The judgment is further amended to award Adelaide Baudier Madigan $15,508.-34 for services rendered in conformity with the contract executed between herself and Mrs. Baudier in 1946, and for reimbursement of expenses pursuant to that agreement as well as payment of the promissory note for $7,000.00 and interest thereon for $3,033.30.
The succession is to pay all costs of these proceedings.
Affirmed in part, amended in part.

. In a supplemental petition filed December 30, 1965, Adelaide Baudier Madigan sought interest on the note at 8% per annum between August 5, 1959, to December 5, 1965, which amounted to $3,-033.30.

. The judgment also dismissed the petition which sought to have the property designated as 3711 Camp Street included in the succession inventory.